I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE. NOV - 7 2002

DATED

DEPUTY CLERK

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only X

FILED
CLERK, U.S. DISTRICT COURT
FILED
NOV - 6 2002
11-6-02
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NHAN NGUYEN,** <br> **Petitioner,** <br> **v.** <br> **ANTHONY LAMARQUE,** <br> **Respondent.** | **NO. CV 02-8447-AHM(CT)** <br> **ORDER REQUIRING RETURN TO PETITION FOR WRIT OF HABEAS CORPUS FILED BY A PERSON IN STATE CUSTODY** |

**PLEASE READ THIS ORDER CAREFULLY.**

Petitioner, in state custody and represented by counsel, has filed this federal petition for writ of habeas corpus ("federal petition"). IT IS ORDERED as follows:

1. The clerk of this court shall promptly (a) serve a copy of the federal petition and the exhibits to the federal petition, and a copy of this order on respondent by delivering them to the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this order on petitioner.

2. Respondent shall file and serve a return on or before **November 29, 2002.** At the time the return is filed, respondent shall lodge with the court all relevant records. If respondent contends that the federal petition is barred by the applicable one-year period of

ENTERED 11-12-02

3

limitation, respondent shall set forth the basis for the calculation, including any statutory or equitable tolling periods. See 28 U.S.C. § 2244(d)(1), (2). To the extent that there is a colorable argument that the petition cannot be decided without the court reaching the merits of petitioner's claims, respondent is ordered to address the merits.

3. Petitioner may file a single traverse responding to matters raised in the return on or before **December 18, 2002.** Any traverse filed by petitioner (a) shall state whether petitioner admits or denies each allegation of fact contained in the return; (b) shall be limited to facts or arguments responsive to matters raised in the return; and (c) shall not raise new grounds for relief that were not asserted in the petition. No traverse shall exceed five (5) pages in length absent advance leave of court for good cause shown.

4. United States Supreme Court law provides that a federal habeas corpus petition is exhausted when both the operative facts and federal legal theories are fairly presented to the highest state court -- in this case the California Supreme Court -- before the federal habeas corpus petition is filed. Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). Moreover, petitioner is cautioned that there is a one-year statute of limitations for federal habeas corpus petitions that generally runs from the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review, and is tolled only during the period of time in which a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d); see also Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (section 2244(d) does not toll the limitation period during the pendency of a federal habeas petition). To the extent, if any, petitioner has filed unexhausted grounds for relief

in this federal petition, petitioner is advised that this court lacks the authority to grant a motion to stay a habeas petition unless the petition contains only exhausted claims. Further, a stay is not a matter of right; the court has discretion to grant or deny a motion to stay based upon its assessment of all relevant circumstances, including petitioner's diligence in pursuing relief. Ford v. Hubbard, 305 F.3d 875, 882-84 (2002).

5. A request for an extension of time within which to file any return or traverse will be granted only upon a showing of good cause and should be made in advance of the due date of a pleading. Any such request shall be accompanied by a declaration explaining why an extension of time is necessary and by a proposed form of order granting the requested extension.

6. Unless otherwise ordered by the court, this case will be deemed submitted on the day following the date the traverse is due.

7. Every document delivered to the court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the court without a certificate of service will be returned to the submitting party and will not be considered by the court.

8. Petitioner shall immediately notify the court and counsel for respondent of any change of petitioner's address in a pleading filed with the court. If petitioner fails to keep the court informed of where petitioner may be contacted, this action may be dismissed.

9. If respondent files a response other than a return (such as a motion to dismiss), this order requiring a return will be automatically stayed until this court rules on the response. Petitioner's opposition

to the response shall be due on or before the date specified in this order for submission of the traverse.

**DATE:** 11/6/05

Carolyn Turchin
**CAROLYN TURCHIN**
**UNITED STATES MAGISTRATE JUDGE**

CC: Nhan Nguyen
P-70674
P.O. Box 1050
Soledad, CA 93960-1050

Eric R. Larson
1010 Second Avenue, Suite 2300
San Diego, CA 92101

Counsel for Respondent
Attorney General for the State of California

U.S. Postal Service

**CERTIFIED MAIL RECEIPT**

*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 0520 0020 1652 7906

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

OFFICE of the ATTORNEY GENERAL
HEAD of the CRIMINAL DIVISION
CALIF STATE DEPT of JUSTICE
300 S. Spring St., Suite 500
Los Angeles, CA 90013

PS Form 3800, February 2000 See Reverse for Instructions